**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 30, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 05-60282

SOUTHLAND OIL CO., A Mississippi Corporation,

Plaintiff-Appellee,

versus

MISSISSIPPI INSURANCE GUARANTY ASSOCIATION; Et al.,

Defendants,

ALLIANCE INSURANCE COMPANY, A Kansas Corporation; CONTINENTAL CASUALTY COMPANY, An Illinois Corporation; FIDELITY & CASUALTY COMPANY OF NEW YORK, A New Hampshire Corporation; HOUSTON GENERAL INSURANCE COMPANY, A Texas Corporation; INTERNATIONAL INSURANCE COMPANY, An Illinois Corporation; CENTURY INDEMNITY COMPANY; LEXINGTON INSURANCE COMPANY, A Delaware Corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, A Pennsylvania Corporation,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Mississippi
(2:03-CV-507)

Before KING, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is the post-removal remand to state court granted Southland Oil Company, pursuant to a service-of-suit clause

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the policies issued by some of the defendant insurers. **AFFIRMED**.

I.

Southland, a Mississippi resident, manufactures asphalt, among other products. It filed this action in 2003 in Mississippi state court against its insurers for failure to pay claims under general comprehensive, umbrella, and excess liability policies, seeking a declaration they are obligated to pay costs arising out of alleged environmental damage at one of Southland's Mississippi refineries. Southland claimed anticipatory breach of contract against all insurers; against four, it also claimed breach of contract (Breach Defendants). Six defendants, none of whom are Breach Defendants, had service-of-suit clauses in their policies (Service-of-Suit Defendants).

Defendants removed this action to federal court, maintaining Southland fraudulently joined the Mississippi Insurance Guaranty Association (MIGA) to prevent diversity jurisdiction. Southland moved to remand, claiming: (1) joinder was proper; and (2) removal was barred by the service-of-suit clause.

Relying on *City of Rose City v. Nutmeg Insurance Company*, 931 F.2d 13 (5th Cir.), *cert. denied*, 502 U.S. 908 (1991), the district court held: that clause prevented removal for the Service-of-Suit Defendants; and, because unanimity was defeated, the action had to be remanded to state court. As it noted, this mooted the diversity

2

issue. *Southland Oil Co. v. Miss. Ins. Guar. Ass'n*, No. 2:03-507-KS-JMR, at *4 (S.D. Miss. 2 Mar. 2005).

## II.

Appellants claim: remand premised on the service-of-suit clause was improper; and diversity jurisdiction exists. We hold the Service-of-Suit Defendants waived their right to removal. Consistent with the district court's lack-of-unanimity holding, Appellants do *not* dispute remand of the action would be required. *See* § 1446(a); *Doe v. Kerwood, D.O.*, 969 F.2d 165, 167-68 (5th Cir. 1992) (requiring unanimity of co-defendants to remove); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 326-27 (5th Cir. 1970). (Because the service-of-suit clause prevents removal, we need not reach the diversity issue.)

## A.

Jurisdiction is conceded by the parties. Nevertheless, our jurisdiction must be verified *sua sponte*. *E.g., Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005). Generally, remand orders are *not* reviewable. 28 U.S.C. § 1447(d); *see also McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991). Where the district court remands pursuant to a contract provision (including a service-of-suit clause), however, review is permitted. *McDermott*, 944 F.2d at 1201.

## B.

3

A remand order is reviewed *de novo*. *See* **City of New Orleans v. Mun. Admin. Servs., Inc.**, 376 F.3d 501, 503 (5th Cir. 2004), *cert. denied*, 543 U.S. 1187 (2005). The same standard of review applies to interpretation of an insurance policy, a question of law. **Allstate Ins. Co. v. Disability Servs. of the Sw. Inc.**, 400 F.3d 260, 263 (5th Cir. 2005).

The service-of-suit clause states:

> It is agreed that in the event of the failure of Underwriters ... hereon *to pay any amount claimed to be due hereunder*, Underwriters ... , at the request of the Insured ... , will submit to the jurisdiction of *any Court of competent jurisdiction within the United States* and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

(Emphasis added.)

Appellants contend the district court failed to accord the clause its unambiguous meaning. For it to be applicable, they claim two conditions precedent must be met: (1) an amount is due under the terms of the policy; and (2) the insurer has failed to pay it. Thus, because Southland has only claimed anticipatory breach of contract against the Service-of-Suit Defendants, it has only sought *prospective* relief from them; and, no judgment against them having been obtained, the first condition precedent has *not* been satisfied.

4

In the alternative, Appellants claim: because the service-of-suit clause does not "clearly and unequivocally" waive the Service-of-Suit Defendants' right to select a forum, as required by our precedent, the clause merely "represent[s] [their] willingness to accede to the jurisdiction of an American court". Relying on *McDermott*, Appellants insist submitting to a court's jurisdiction does *not* constitute a waiver of a removal right.

Southland counters: a service-of-suit clause is a forum-selection clause, permitting it to select the forum; as a result, when it filed this action in state court, the Service-of-Suit Defendants were obligated to litigate there; and, because they waived their removal right, this action was properly remanded. For support, Southland cites *Nutmeg*, 931 F.2d at 15 (upholding remand order pursuant to a service-of-suit clause), and *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796 (5th Cir. 2001) (same).

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans*, 376 F.3d at 504 (citing *McDermott*, 944 F.2d at 1204). Such a waiver, however, need not contain "explicit words, such as 'waiver of right of removal'". *Waters*, 252 F.3d at 797 (citing *Gen. Phoenix Corp. v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949)). It is more than well settled that any ambiguity in an insurance policy is to be

construed against its drafter — the insurer. *E.g., **Nutmeg***, 931 F.2d at 15.

The clause at issue is identical to the one in **Nutmeg**. "On its face the endorsement is unambiguous. It plainly requires that the insurer submit to the jurisdiction of *any* court of the policyholder's choosing." ***Id.*** (emphasis added). Furthermore, the clause at issue states the insurers "will comply with *all* requirements necessary to give such Court jurisdiction". (Emphasis added.) Although this language "does not specifically mention [removal, ... it] makes clear that the policyholder shall enjoy the right to choose the forum in which any dispute will be heard". ***Id.***

There is no merit to Appellants' contention that, to invoke the clause, Southland must first secure a judgment. That interpretation is not supported by the clause's plain language. All that is required to trigger it is the insurers' "failure ... to pay *any* amount *claimed* to be due". (Emphasis added.) In other words, an *amount claimed* is *not* equivalent to an *amount owed*, secured by a judgment.

Southland made such an assertion in its state-court complaint, asserting the insurers owe amounts due under the policy for any costs, including any damages, arising out of operations at the Mississippi refinery. According to the complaint, these putative damages exceed the policy limits.

6

Similarly, there is no merit to the contention that the clause merely submits the Service-of-Suit Defendants to the personal jurisdiction of any court within the United States. Our precedent is clear: a service-of-suit clause has been given that construction only where the insurer is a foreign entity. *See McDermott*, 944 F.2d at 1206-07; *see also **In re Delta Am. Re Ins. Co.***, 900 F.2d 890 (6th Cir.) (holding a similar policy provision was merely a promise to submit to the personal jurisdiction of a court in the United States where the reinsurer was a foreign entity), *cert. denied*, 498 U.S. 890 (1990). In discussing why **Nutmeg** rejected such a construction, **McDermott** noted:

> [T]he court found [defendant] Nutmeg's interpretation of the service-of-suit clause — that it only concedes personal jurisdiction ... — wholly untenable because ... Nutmeg is a domestic corporation with its principal place of business in the United States. Faced with no alternative meaning for the service-of-suit clause, language strongly implying waiver of removal rights, and the policy drafter principle, the court naturally held that Nutmeg waived its removal rights.

**McDermott**, 944 F.2d at 1206-07 (internal citation omitted). Thus, **Nutmeg** was held not controlling in **McDermott** because the insurer in that action was organized under the laws of another country. **Id**.

In the instant action, all of the insurers are domestic corporations that have sold policies to Southland, a Mississippi resident. Thus, "there [is] no question that [the Service-of-Suit Defendants] would have to submit to the jurisdiction of some court

7

in the United States". ***Nutmeg***, 931 F.2d at 15.  In other words, Appellants' construction of the clause renders it superfluous. Consistent with the policy interpretation by ***Nutmeg***,

> it seems quite likely that [the Service-of-Suit Defendants] ha[ve] minimum contacts with [Mississippi] ....  It would have made no sense for a policyholder to bargain with [them] for a clause requiring only that [they] would submit to the jurisdiction of some court in the United States.  Indeed, it is clear from the language of the clause at issue ... that [the Service-of-Suit Defendants] did not promise only to submit to the jurisdiction of "*some* Court ... within the United States," but rather promised to submit to the jurisdiction of "*any* Court ... within the United States."

***Id***. at 15-16 (emphasis in original).

We will "not interpret a policy to leave specific provisions without meaning or effect".  ***S. Farm Bureau Life Ins. Co. v. Moore***, 993 F.2d 98, 103 (5th Cir. 1993).  Because any other interpretation would render the clause meaningless, "[w]e are persuaded that this clause gives to the policyholder ... the right to select the forum, foreclosing [the Service-of-Suit Defendants'] right to remove this action to federal court".  ***Nutmeg***, 931 F.2d at 16.

### III.

For the foregoing reasons, the remand order is

**AFFIRMED.**

8