United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-51314

———————————

ARGYLL EQUITIES LLC

                Plaintiff - Appellee

     v.

LOUIS D PAOLINO, JR

                Defendant - Appellant

———————————

Consolidated with
No. 05-51587

———————————

LOUIS D PAOLINO, JR

                Plaintiff - Appellant

     v.

ARGYLL EQUITIES LLC, ET AL

                Defendants

ARGYLL EQUITIES LLC

                Defendant - Appellee

———————————————————————————————

Appeals from the United States District Court
for the Western District of Texas, San Antonio
No. 5:05-CV-450

———————————————————————————————

Before KING, GARZA, and OWEN, Circuit Judges.

1

PER CURIAM:[*]

In this consolidated appeal, appellant Louis Paolino, Jr.
challenges the district court's determination that a forum
selection clause in a loan agreement between Paolino and appellee
Argyll Equities LLC ("Argyll") renders venue in this case proper
only in a state court that holds proceedings in Kendall County,
Texas.[1]  The clause provides, in relevant part:

> Borrower hereby consents to the exclusive
> jurisdiction of the courts sitting in Kendall
> County, Texas, United States of America, as
> well as to the jurisdiction of all courts from
> which an appeal may be taken from the
> aforesaid courts, for the purpose of any suit,
> action or other proceeding by any party to
> this Agreement, arising out of or related in
> any way to this Agreement.  Borrower hereby
> irrevocably and unconditionally waives any
> defense of an inconvenient forum to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The underlying claims concern a dispute over Argyll's
sale of stock that Paolino had pledged to Argyll as collateral
for a loan.  Paolino sued Argyll in the 216th District Court of
Kendall County, Texas, for breach of contract, fraud, and other
claims arising from the allegedly wrongful stock sale.  Paolino
then voluntarily non-suited the action and brought suit (here,
appeal no. 05-51587) against Argyll and additional defendants in
the United States District Court for the Western District of
Texas, San Antonio Division, raising the same claims and added
charges.  Shortly thereafter, Argyll sued Paolino in the Kendall
County Court at Law seeking a declaratory judgment that it acted
within its rights in selling the stock.  Paolino removed Argyll's
suit (here, appeal no. 05-51314) to the same federal district
court in which his action was pending.
The district court dismissed Paolino's claims against the
other defendants on jurisdictional grounds.  After initially
appealing the dismissal, Paolino moved to dismiss all parties to
the appeal other than Argyll, and the motion was granted.

> maintenance of any action or proceeding in any such court, any objection to venue with respect to any such action or proceeding and any right of jurisdiction on account of the place of residence or domicile of any party thereto.

Private Collateralized Loan Agreement, Apr. 15, 2004, § 8.14.

Relying on City of New Orleans v. Municipal Administrative Services, Inc., 376 F.3d 501 (5th Cir. 2004), the district court held that the parties' use of the phrase "exclusive jurisdiction" and Paolino's "irrevocabl[e] and unconditional[] waive[r]" of any venue objections went beyond merely permitting venue in "courts sitting in Kendall County," instead making such venue mandatory. Further, the court concluded that the San Antonio Division of the United States District Court for the Western District of Texas does not include courts "sitting in" Kendall County because it holds proceedings in San Antonio, which is in Bexar County.

We agree. As this court held in City of New Orleans,

> For a contractual clause to prevent a party from exercising its right to removal, the clause must give a "clear and unequivocal" waiver of that right. McDermott Int'l, Inc. v. Lloyds Underwriters, 944 F.2d 1199 (5th Cir. 1991); Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796 (5th Cir. 2001). A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract.

> A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum

3

> will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. <u>Keaty v. Freeport Indonesia, Inc.</u>, 503 F.2d 955 (5th Cir. 1974). It is important to distinguish between jurisdiction and venue when interpreting such clauses. Although it is not necessary for such a clause to use the word "venue" or "forum," it must do more than establish that one forum will have jurisdiction.

376 F.3d at 504.

Unlike the permissive forum selection clause in <u>City of New Orleans</u>, in which the defendant merely "consent[ed] and yield[ed]" to state court jurisdiction, it is difficult to imagine how the clause in this case could more "clearly demonstrate the parties' intent to make . . . jurisdiction exclusive," <u>id.</u>, than by providing for "the exclusive jurisdiction of the courts sitting in Kendall County, Texas." Contrary to Paolino's contention that the clause only explicitly provides for exclusive jurisdiction and not exclusive venue, the former dictates the latter, as submission to the exclusive jurisdiction of one set of courts necessarily excludes venue in all other courts.

Further, the district court properly concluded that it is not a court "sitting in Kendall County." <u>Black's Law Dictionary</u> defines "sit," when used with respect to a court, as meaning "to hold proceedings," BLACK'S LAW DICTIONARY 1391-92 (7th ed. 1999), and the San Antonio Division of the United States District Court for the Western District of Texas holds proceedings in Bexar

4

County, not Kendall County.[2]  Cf. Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003) (relying on Black's Law Dictionary to hold that the word "of" in a contract's reference to "[t]he Courts of Texas" excluded federal courts).  As Paolino points out, Black's does refer to a court sitting as "[a] court session," id. at 1392, but the context of the forum selection clause does not use the word "sitting" in this manner; even if it did, the district court's session is not in Kendall County.  It matters not that 28 U.S.C. § 141(a) allows special sessions of the district court to be held anywhere in the district;[3] for purposes of the forum selection clause at issue here, the district court "sits" where it regularly holds court, not in the

---

[2]  Paolino's claim that the court's interpretation should be informed by Argyll's reference to "all Federal and State Courts sitting in Kendall County" in another, unrelated contract with a separate party is without legal basis.  Under Texas law, "[c]ourts interpreting unambiguous contracts are confined to the four corners of the document, and cannot look to extrinsic evidence to create an ambiguity."  Tex. v. Am. Tobacco Co., 463 F.3d 399, 407 (5th Cir. 2006); see also Private Collateralized Loan Agreement, Apr. 15, 2004, § 8.14 ("This Agreement shall be governed by and construed in accordance with the laws of the State of Texas . . . applicable to the contracts between residents of Texas that are to be wholly performed within such state.").

[3]  28 U.S.C. § 141(a) provides:

> (1) Special sessions of the district court may be held at such places in the district as the nature of the business may require, and upon such notice as the court orders.
> (2) Any business may be transacted at a special session which might be transacted at a regular session.

5

potentially infinite number of places in the Western District of Texas where it could hold a special session.

Because the forum selection clause unambiguously establishes that the underlying claims are subject to the exclusive jurisdiction of "courts sitting in Kendall County," and the district court does not meet that description, the court properly dismissed Paolino's suit (here, appeal no. 05-51587) and remanded Argyll's suit (here, appeal no. 05-51314) to the County Court at Law in Kendall County, Texas.

AFFIRMED. The costs in both appeals shall be borne by Paolino.