IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-40302

COLLIN COUNTY, TEXAS,

Plaintiff-Appellee,

versus

SIEMENS BUSINESS SERVICES, INC.; ET AL,

Defendants,

SIEMENS BUSINESS SERVICES, INC., BEN L. KRAGE,

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Texas
4:05-CV-141

Before GARWOOD, WIENER, and CLEMENT, Circuit Judges.

GARWOOD, Circuit Judge:[*]

The district court remanded this diversity case to state court based on a clause in the sued on contracts that the removing defendants-appellants SAP, Public Services, Inc. ("SAP") and Siemens Business Services, Inc. ("Siemens"), respectively entered

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

into with plaintiff-appellee Collin County, Texas ("the County"). The district court held that this contractual clause, which states that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas," constitutes a valid waiver of federal removal rights because there currently is no federal district courthouse within Collin County and because the clause refers to a county rather than a district. Because we agree, under the particular facts here, with the former, although not the latter, reasoning of the district court, we affirm.

**FACTS AND PROCEEDINGS BELOW**

In 2003, the County decided to replace and to consolidate its computer systems using an Enterprise Resource Planning Software System ("ERP System"), which the County hoped would manage all aspects of its business. ERP Systems incorporate large bodies of software from companies such as Microsoft, Oracle, and SAP. Because such systems are large and complex, those wishing to use an ERP System often seek out a third party, like Siemens, to implement it. For this reason, in September 2003, the County circulated a request for proposals. In October 2003, SAP and Siemens submitted a written proposal for the County's project.

In March 2004, after an earlier meeting with Siemens and SAP representatives, the County entered into two contracts: a software end-user license agreement with SAP and a services agreement with Siemens. These contracts stipulated that SAP would license the

2

software to the County while Siemens would implement the ERP System.  Both contracts stated that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas."

The County alleges that after Siemens and SAP started the ERP System project for the County, they encountered problems with matching the ERP System to the County's requirements and that, on March 18, 2005, Siemens and SAP informed the County that it could not implement the ERP System as promised.  On March 22, 2005, the County brought suit against Siemens and SAP in the 219th Judicial District Court of Collin County, Texas.  That court is located in Plano, Texas.  The County asserted claims against Siemens and SAP for fraud, negligent misrepresentation, and breach of contract, all in relation to the above referenced contracts and subject matter.

On April 15, 2005, based solely on diversity jurisdiction, Siemens removed the action to the Sherman Division of the United States District Court for the Eastern District of Texas.  SAP timely consented to removal.  On May 12, 2005, the County timely moved to remand, arguing that Siemens and SAP had waived their right to remove by agreeing to the clause in their respective contracts fixing exclusive venue in Collin County, Texas.

By order entered January 24, 2006, the district court granted the County's motion to remand.  The district court agreed with the County that Siemens and SAP had waived their removal rights by

agreeing that venue "shall lie exclusively in Collin County, Texas." The district court reasoned that the venue clause constituted such a waiver because, first, "there currently is no federal district court located in Collin County, Texas," and second, "because the SAP and Siemens Agreements stated venue in terms of a county as opposed to a federal district." Siemens and SAP timely filed notices of appeal.

## DISCUSSION

### I.

We begin by confirming our jurisdiction to review the district court's remand order.[1] District courts frequently remand for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c), and 28 U.S.C. § 1447(d) bars appellate review of such remands.[2] *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001); *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1203 (5th Cir. 1991). In this case, however, the district court based its remand order on the contractual venue clause fixing

---

[1]"This court necessarily has the inherent jurisdiction to determine its own jurisdiction." *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 290 (5th Cir. 1997). Likewise, even when the parties to a suit do not challenge our jurisdiction, "it is always appropriate for us to confirm our jurisdiction." *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001).

[2]Subsection (c) of 28 U.S.C. § 1447 dictates, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Subsection (d) of 28 U.S.C. § 1447, "Procedure after removal generally," states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1443 is inapplicable to the instant appeal as it addresses civil rights cases.

4

venue in Collin County.  Thus, the district court's remand order was "not based on lack of subject matter jurisdiction and is therefore outside of the statutory prohibition on our appellate review."[3]  *Waters*, 252 F.3d at 797.  "Contractual remand orders are reviewable by direct appeal."  *Id.; see Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam).  Our review is *de novo* as it involves determining whether the district court correctly interpreted the County's contracts with SAP and Siemens.  *See McDermott Int'l, Inc.*, 944 F.2d at 1204 (reviewing, in a case analyzing district court's remand order based on insurance policy, "the district court's interpretation of the policy *de novo*"); *see also Southland Oil Co. v. Mississippi Ins. Guaranty Association*, 182 F. App'x 358, 360 (5th Cir. 2006) ("A remand order is reviewed *de novo*.").  We proceed to consider this appeal's merits.

## II.

Siemens and SAP assert various reasons why this court should hold that the district court erred in ordering remand: because the clause in their contracts with the County was not a "clear and unequivocal" waiver of federal removal rights; because the district

---

[3]*See also McDermott Int'l, Inc.*, 944 F.2d at 1201 ("[T]he availability and means of appellate review for a district court's remand order depend entirely on the court's reason for issuing the order. . . .  Congress denies us authority to review remand orders that district courts issue under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.  28 U.S.C. § 1447(d). . . .  The district court remanded this case pursuant to the [insurance] policy's service-of-suit clause, a reason outside the scope of section 1447(c).  Section 1447(d) does not bar our review." (footnotes and internal citations omitted)).

5

court for the Eastern District of Texas has jurisdiction over Collin County; and because, since the contract clause at issue is susceptible to disparate readings, it should be construed against the County as the drafter of the clause. Siemens argues further that the County's fraud and negligent misrepresentation causes of action do not arise "in connection" with Siemens and SAP's contracts with the County, and therefore are not subject to the contract clause at issue. Lastly, SAP argues that construing the contractual venue clause to proscribe removal would require litigation in state court of patent-related claims that can only be litigated in federal court. As explained below, we reject these arguments.

## A.

SAP argues that the district court erred in ordering remand because reading the venue clause to prohibit removal would require litigating patent claims in state court that should only be litigated in federal court. We disagree. It is true that the County's license agreement with SAP refers to SAP's patent rights,[4] and that 28 U.S.C. § 1338 dictates that federal district courts "have exclusive original jurisdiction of any civil action arising under any Act of Congress relating to patents." *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 290 (5th Cir. 1997). Siemens and

---

[4]The license agreement states that "all intellectual property rights, including patent . . . rights, in the SAP Proprietary Information are and shall remain in SAP and its licensors."

6

SAP, however, premised their motion to remove solely on diversity of citizenship; removal was not based on jurisdiction over patent-related disputes under section 1338. Nor could Siemens and SAP have removed this case under section 1338, because the instant action does not deal with patents in any way. "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Section 1338 grants district courts exclusive jurisdiction of suits that "include[] allegations that federal patent law creates the cause of action or federal patent law is a necessary element of the claim." *Scherbatskoy*, 125 F.3d at 291. The County's stated claims for fraud, negligent misrepresentation, and breach of contract do not create such an action. The possibility of some ancillary patent-related issue does not confer jurisdiction; not all patent law questions demand federal jurisdiction—state courts can and do resolve such issues. *Speedco, Inc. v. Estes*, 853 F.2d 909, 913 (Fed. Cir. 1988); *see also Am. Tel. & Tel. Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1992) (stating that an ancillary issue relating to patent law "cannot of itself sustain [federal] jurisdiction"); *Lang v. Patent Tile Co.*, 216 F.2d 254, 255 (5th Cir. 1954) ("Questions under the patent laws may arise in the course of the litigation, but this is not a case arising under

those laws."). Moreover, we decline to conclude that the venue clause in this case is ambiguous due to the possibility that, at some future date, an action will be instituted that *does* arise under the patent laws. As the County points out, in such a case, the venue clause simply would not apply. *See Highland Supply Co. v. Klerk's Flexible Packaging, B.V.*, No. 05-CV-482-DRH, 2005 WL 3534211, at *2, *4 (S.D. Ill. Dec. 21, 2005) (explaining that "because federal courts have exclusive jurisdiction over patent claims, the Agreement's forum-selection clause is of no consequence").

**B.**

We also reject Siemens's argument that two of the County's claims—fraud and negligent misrepresentation—do not arise "in connection" with Siemens and SAP's contracts with the County and therefore are not subject to the venue clause at issue. Siemens reasons that "the County's fraud and negligent misrepresentation claims allegedly arise from conduct which occurred *before* any contract was entered between the parties and thus cannot be governed by the subject venue clause." Siemens relies primarily on two cases: *Major Help Ctr., Inc. v. Ivy, Crews & Elliott, P.C.*, No. 03-99-00285-CV, 2000 WL 298282 (Tex. App.—Austin Mar. 23, 2000, no pet.) (unpublished), and *Busse v. Pac. Cattle Feeding Fund #1, Ltd.*, 896 S.W.2d 807 (Tex. App.—Texarkana 1995, writ denied). The *Busse* case, in which the Texas Court of Appeals in Texarkana held

8

that a forum selection clause did not control a fraudulent inducement claim, is immediately distinguishable because the plaintiffs in that action "were not parties to the contract sought to be enforced." *Clark v. Power Mktg. Direct, Inc.*, 192 S.W.3d 796, 798 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In the unpublished *Major* opinion, the Texas Court of Appeals in Austin found the plaintiffs' Deceptive Trade Practices Act ("DTPA") claim fell outside of the forum-selection clause on which the defendants relied in their motion to dismiss. 2000 WL 298282, at *2–3. The court found the forum-selection clause inapplicable because the plaintiffs did not rely on their contract with the defendant to maintain their DTPA claim and did not seek to enforce the obligations or duties arising under the contract. *Id*. at *3.

We agree with the County that the venue clause in this case encompasses the fraud and negligent misrepresentation claims asserted by the County. Texas courts have indicated that claims for fraud in the inducement of a contract relate to the contract and are therefore subject to the contract's forum selection clause—even though the fraud claim is based on pre-contractual conduct. *See, e.g.*, *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 551 (Tex. 2002) (per curiam) (stating that whether contract "was induced by fraud is a dispute 'involving' [the

9

parties'] agreement")[5]; *Clark*, 192 S.W.3d at 799-800 (providing that claims related to defendant's alleged conduct in inducing plaintiffs to sign contracts encompassed by those contracts' forum-selection clauses). There is no indication that the County's fraud and negligent misrepresentation claims could be maintained without reference to its contracts with Siemens and SAP. Thus, we find that they are subject to the contracts' venue clause.

## c.

We thus arrive at the central issue in this appeal: whether the contract clause fixing exclusive venue in Collin County, Texas constitutes a waiver of Siemens and SAP's removal rights. It is established that "[a] party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno*, 276 F.3d at 723 (citing 28 U.S.C. § 1441(a)).[6] It is likewise established law that

---

[5]In *In re J.D. Edwards World Solutions Co.*, the parties entered into a contract that included a provision stating that "disputes involving this Agreement . . . shall be determined under the law of the State of Colorado." 87 S.W.3d at 548 (internal quotations omitted). The Texas Supreme Court gave no indication, however, that its decision—that the fraudulent inducement claim was covered by the contract—would have been different under Texas law. Moreover, the Texas Supreme Court noted, "[a]lthough there remains a question about whether federal law, Colorado law or the [Uniform Arbitration Act] controls the resolution of the disputed issues in this case, we need not decide which applies, or to what extent, because the result is the same under all three." *Id*. at 550.

[6]28 U.S.C. § 1441(a) states, in pertinent part:
"Except as otherwise expressly provided by Act of Congress, any
civil action brought in a State court of which the district courts
of the United States have original jurisdiction, may be removed by
the defendant or the defendants, to the district court of the
United States for the district and division embracing the place

10

a party may waive its removal rights by contract—even without the use of "explicit words, such as 'waiver of right of removal.'" *Waters*, 252 F.3d at 797; *see also City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991) (directing remand to state court based on contract, even though the contract did "not specifically mention the right of a defendant to remove an action"). Still, contractual clauses purporting to waive federal jurisdiction must be mandatory and not merely permissive. *See Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956–57 (5th Cir. 1974) (finding that federal district court erred in dismissing action where forum-selection clause was merely permissive). Further, contractual clauses that waive federal jurisdiction will be enforced only if enforcement is reasonable. *See In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979) ("Where the parties have by contract selected a forum, it is incumbent upon the party resisting to establish that the choice was unreasonable, unfair, or unjust." (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972))). Here, it is undisputed that the venue clause at issue is mandatory. Moreover, while SAP weakly attempts to challenge the reasonableness of enforcing the venue clause, the record is devoid of evidence demonstrating that enforcement would be unreasonable.[7] Defendants-appellants Siemens

where such action is pending."

[7]Indeed, Siemens concedes that there is no issue in regards to whether the venue clause is reasonable.

11

and SAP are large, sophisticated companies, and the venue clause in the contracts they entered into with the County "appears to be a voluntary, bargained for arrangement between . . . strong contracting parties." *Id*. We therefore conclude that the venue clause in this case is both mandatory and enforceable. We next consider the district court's reasons for holding that the contractual clause, which dictates that venue "shall lie exclusively in Collin County, Texas," constitutes a waiver of federal removal rights.

First, we disagree with the district court's remand order to the extent that it says that when a contractual clause refers to a "county" rather than a "district," the right to remove to federal court is waived. In its order to remand, the district court stated that one way by which a defendant may waive the right to remove under 28 U.S.C. § 1441 is by "consenting to a forum selection clause which designates exclusive venue in a county rather than a judicial district." For this proposition, the district court cited, *inter alia*, the Tenth Circuit opinion in *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997). In *Excell*, the Tenth Circuit affirmed the district court's remand order after agreeing that a forum selection clause that stated, "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," constituted a waiver of federal jurisdiction. 106 F.3d at 320-21. The Tenth Circuit reasoned:

12

"Although [the appellant] argues the clause can be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County, we reject this argument. For federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial districts.' *See* 28 U.S.C. § 1391. Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court."

*Id.* at 321. As indicated in the above quotation, the Tenth Circuit relied on section 1391 for the proposition that venue in terms of federal district courts should be stated in terms of "districts" and not "counties." However, "[s]ection 1441(a), and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases." *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66, 73 S.Ct. 900, 97 L.Ed. 1331 (1953)). "The federal general removal statute, 28 U.S.C. § 1441, permits removal of certain actions from state court 'to the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* (quoting 28 U.S.C. § 1441(a)). While section 1441(a) refers to the "district" and the "division" of the federal court, it does so only in relation to *location* of the federal court that may hear the removed case. Given that section 1441, and not section 1391, governs venue in removal cases, the use of the term "county" rather than "district" at the very least falls short of a clear and unequivocal waiver of federal jurisdiction. Thus, we cannot agree

13

with the district court's first reason for concluding that the clause at issue in this case constituted such a waiver.

The district court's second reason for concluding that the venue clause constituted a waiver of federal removal rights and for ordering remand was that there currently is no federal district courthouse in Collin County. We agree that, under the facts of this case, Collin County's lack of a federal courthouse renders the clause at issue such a waiver.

First, we think it clear that the clause at issue in this case was intended to relate to where there is a sitting court. Siemens and SAP argue that the clause's language allows removal to a federal district court whose jurisdiction encompasses, as well as those courts actually regularly sitting in, Collin County. We have previously declined to lump these two categories of courts together. In *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006) (per curiam) (unpublished), this court held that a forum selection clause rendered venue proper only in a state court in Kendall County, Texas. Although the San Antonio Division of the United States District Court for the Western District of Texas encompasses Kendall County within its jurisdiction, 28 U.S.C. § 124(d)(4), court for the San Antonio Division is held only in San Antonio, which is in Bexar County. 28 U.S.C. § 124(d)(4); *Paolino*, 211 F. App'x at 318-19. This court declined to allow suit to proceed in the San Antonio Division when the parties had agreed to a forum selection clause limiting venue to Kendall County.

14

*Paolino*, *Id*. at 319. We also rejected the appellant's argument that suit was properly in the federal court because "28 U.S.C. § 141(a) allows special sessions of the district court to be held anywhere in the district." *Id*. at 319. We reasoned that "for purposes of the forum selection clause at issue here, the district court 'sits' where it regularly holds court, not in the potentially infinite number of places in the Western District of Texas where it could hold a special session." *Id*. Admittedly, the forum selection clause in *Paolino* expressly stated that "the courts *sitting in* Kendall County, Texas, United States of America" would have "exclusive jurisdiction." *Id*. at 318 (emphasis added). But we nevertheless find persuasive its distinction between courts encompassing an area and those sitting in or hearing cases in an area.

The instant case, however, presents an additional twist not found in the *Paolino* decision. While the only currently completed, functioning federal courthouse within the Sherman Division of the United States District Court for the Eastern District of Texas—the division that encompasses Collin County within its jurisdiction—is located in Sherman, Texas, outside of Collin County, the Sherman Division's enabling statute states, "[c]ourt for the Sherman Division shall be held at Sherman *and Plano*." 28 U.S.C. § 124(c)(3) (emphasis added). Plano is located primarily, although not completely, within Collin County. Thus, unlike the San Antonio

15

Division in *Paolino*, which encompassed Kendall County within its jurisdiction but did not and was not statutorily directed to hold court there, Congress instructed that the Sherman Division both encompass Collin County within its jurisdiction and hold court in Plano (as well as in Sherman)—and therefore hold court likely in Collin County. Presently the Sherman Division district court does not hear—and has never heard—cases in Plano because of the lack of a place to do so (there never having been a federal district courthouse in Plano).

While Congress's mandate that the Sherman Division hold court in Plano makes construction and application of the instant forum selection clause more difficult than that of the clause in *Paolino*, in this case we view as determinative the fact that defendants-appellants Siemens and SAP never contemplated that the instant action would be tried in a federal court within Collin County's confines; although Siemens and SAP both refer to or cite 28 U.S.C. § 124(c)(3) in their respective briefs, and Siemens referred to that provision in its brief below, neither company appears to have ever suggested that the Sherman Division actually ought to hear the instant action in Plano.

As both Siemens and SAP point out, however, plans exist to build a new federal courthouse in Plano, within Collin County, for the Sherman Division of the Eastern District. Once the new federal courthouse is built the district court that granted the motion to remand in this case will hold court in Plano, which stretches into

16

both Collin and Denton Counties (Denton County also being in the Sherman Division).

The planned courthouse's completion date might well be conclusive of removal rights in future suits under the County's contracts with SAP and Siemens.  But it seems clear that neither the district court nor Congress would have considered the district court to be in violation of the Sherman Division's enabling statute, or of the  Eastern District's General Order No. 03-15 which reaffirmed the District's prior resolution to "authoriz[e] Plano as a place of holding court in the Sherman Division,"[8] by failing to hold court in Plano prior to the completion of a federal district courthouse in which court could be held.  We cannot say that the enabling statute's mandate that the Sherman Division "shall hold court" in Plano can be read to become effective before there is a place for the district court to hold court.[9]

---

[8]General Order No. 03-15 is available at
http://www.txed.uscourts.gov/Rules/GeneralOrders/2003/go03-15.pdf.  It was entered on June 16, 2003, before the enabling statute was amended in December 2003 to include "Plano."

[9]An October 2006 press release, available at
http://www.samjohnson.house.gov/News/DocumentSingle.aspx?DocumentID=51199, indicates that the federal government has leased land on which to build the courthouse.  This lease was signed in October 2006, but it appears that at the time the design phase of the project to construct the courthouse had not yet begun.  The press release further indicates that occupancy of the courthouse was estimated to be in the fall of 2007.  Siemens and SAP removed this action in April 2005, and we ordinarily analyze the propriety of removal as of the removal date.  The district court's order to remand, dated January 2006, accurately reflected that at the time of removal there was no federal courthouse in Collin County.  Furthermore, it appears that throughout the parties' presentation of their arguments to the district court, the parties never considered that a courthouse would be completed within Collin County during the pendency of this action.

17

This would likely be a different case if, for example, there had been a federal courthouse in Collin County prior to the defendants-appellants' removal of the action but the courthouse had burned to the ground in a fire. Catastrophic events such as Hurricane Katrina demonstrate that there may sometimes be reasons beyond a party's control that will deprive the party of its ability to try a case in federal or state court in a particular area. Here, however, there was not, and never had been, a functioning federal courthouse, and no federal district court was then sitting or had ever sat, in Collin County at the time that Siemens and SAP removed the action. All of the parties assumed that it would be impossible to try the case in federal court in Collin County; no party argued that the federal courthouse could or would be completed in time for a trial in this case.[10]

We consider the circumstances of this appeal to present a very narrow, one-time question.[11]

## CONCLUSION

---

[10] It is true that the United States Bankruptcy Court for the Eastern District of Texas currently sits in Plano and that the bankruptcy court was probably hearing cases in Plano at the time this case was removed. But Siemens and SAP did not raise the possibility that the district court could hear their case in the bankruptcy court's quarters until on appeal. Further, it appears that they never expected this possibility to control the outcome of the County's motion to remand.

[11] SAP also makes arguments related to interpreting the venue clause if it is construed as ambiguous. Specifically, SAP argues that because the County drafted the forum selection clause, if the provision is at all ambiguous, it should be interpreted against the County and in favor of SAP and Siemens. SAP argues further that under Texas law, when a contract provision is ambiguous, extrinsic evidence is admissible to show the parties' intent. Because we necessarily conclude that the venue clause is unambiguous as applied in these circumstances, we do not address these arguments.

18

For the foregoing reasons, we affirm the district court's order of remand.

AFFIRMED.