**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2011

———————

Nos. 11-30293, 11-30500
Summary Calendar

Lyle W. Cayce
Clerk

———————

LIGHTHOUSE MGA, L.L.C.,

      Plaintiff - Appellant

v.

FIRST PREMIUM INSURANCE GROUP, INCORPORATED,

      Defendant - Appellee

_____

FIRST PREMIUM INSURANCE GROUP, INCORPORATED,

      Plaintiff - Appellee

v.

LIGHTHOUSE MGA, L.L.C.,

      Defendant - Appellant

———————

Appeals from the United States District Court for the
Eastern District of Louisiana
(10-CV-4635)

———————

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

Nos. 11-30293, 11-30500

PER CURIAM:[*]

In August 2009, Lighthouse MGA, L.L.C. ("Lighthouse") and First Premium Insurance Group, Inc. ("First Premium") entered into a marketing services contract. We are asked to decide whether the forum selection clause in their contract, selecting a state court, is enforceable. We find that the clause is enforceable and affirm the district court's dismissal of Lighthouse's suit against First Premium. In addition, we dismiss Lighthouse's appeal of the district court's decision to remand to state court First Premium's suit against Lighthouse.

## I.

Resting on diversity jurisdiction, Lighthouse sued First Premium in the United States District Court for the Eastern District of Louisiana, seeking a declaratory judgment under Louisiana law that First Premium had breached and was entitled to no further fees under their contract. First Premium then sued Lighthouse in the 22nd Judicial District Court, Parish of St. Tammany, of the State of Louisiana, seeking a declaratory judgment that their contract was enforceable under Louisiana law, that First Premium did not breach, and that Lighthouse was bound to pay First Premium a fee under the contract.

First Premium filed a motion to dismiss the federal complaint pursuant to Rules 12(b)(1) and 12(b)(3) of the *Federal Rules of Civil Procedure*, seeking to enforce the forum selection clause. The forum selection clause specified that any suits related to the contract were to be brought solely in Louisiana's 22nd Judicial District Court, Parish of St. Tammany. The district court (Africk, J.) granted First Premium's motion to dismiss the federal complaint and dismissed the case without prejudice to Lighthouse filing its claims in state court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nos. 11-30293, 11-30500

Lighthouse then promptly removed the state-filed case to the federal district court. The district court granted First Premium's motion to remand to state court pursuant to 28 U.S.C. § 1447(c), citing its prior decision, for want of jurisdiction with respect to any legal action or proceeding relating to the parties' contract.[1]

Lighthouse timely appealed the district court's orders in both cases, here consolidated for review.

## II.

## A.

Turning first to the dismissal of Lighthouse's suit against First Premium, we review de novo a district court's decision to enforce a forum selection clause.[2] The district court did not specify whether its dismissal of Lighthouse's suit was pursuant to Rule 12(b)(1) or Rule 12(b)(3) of the *Federal Rules of Civil Procedure*.[3] "'Our de novo review under either Rule 12(b)(1) or Rule 12(b)(3) requires us to view all the facts in a light most favorable to the plaintiff.'"[4] "'Moreover, under both Rule 12(b)(1) and Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments.'"[5]

---

[1] *See First Premium Ins. Group, Inc. v. Lighthouse MGA, L.L.C.*, Civil Action No. 11–613, 2011 WL 1936298, at *2 (E.D. La. May 18, 2011).

[2] *Ginter ex rel. Ballard, Belcher, Prendergast & LaPorte*, 536 F.3d 439, 441 (5th Cir. 2008).

[3] This court has not yet answered "the 'enigmatic question of whether motions to dismiss on the basis of forum selection clauses  are properly brought as motions under [Rule] 12(b)(1) [or] 12(b)(3),'" *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) (alteration in original) (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 961 (5th Cir. 1997)), and we need not resolve that issue here. *See Ambraco Inc. v. Bossclip B V*, 570 F.3d 233, 238 n.1 (5th Cir. 2009).

[4] *Ambraco*, 570 F.3d at 237-38 (quoting *Ginter*, 536 F.3d at 448 (Dennis, J., dissenting)).

[5] *Id.* at 238 *(*quoting *Ginter*, 536 F.3d at 449 (Dennis, J., dissenting)).

Nos. 11-30293, 11-30500

Federal law determines whether a district court must enforce a forum selection clause.[6]  Forum selection clauses are presumptively enforceable, and "where a litigant . . . attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable."[7]  A forum-selection clause may be deemed unreasonable where the party challenging application of the clause makes a "clear showing" that:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[8]

The forum selection clause here read as follows:

> The agreement shall be governed by and interpreted in accordance with the laws of the State of Louisiana without reference to principles of conflicts of law. [Lighthouse] irrevocably and unconditionally submits in any legal action or proceeding related to this agreement or for recognition of any judgment in respect thereof, to the exclusive jurisdiction of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana.[9]

---

[6] *Alliance Health Group LLC v. Bridging Health Options LLC*, 553 F.3d 397, 399 (5th Cir. Miss. 2008)("Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." (citations and quotation marks omitted)).

[7] *Id.*

[8] *Haynsworth*, 121 F.3d at 963.

[9] R. 63 (No. 11-30293).

4

First Premium's general counsel drafted the marketing services contract that included this forum selection clause. The general counsel was also a shareholder of the company and the brother of First Premium's President.

Lighthouse argues that the forum selection clause is unreasonable and should not be enforced on the basis that (1) there is a constitutional right to diversity jurisdiction, and trial before a court in the forum and venue designated by the contract will deprive Lighthouse of a court free of "Local Bias";[10] (2) the incorporation of the forum selection clause in the contract resulted from the drafting attorney's violation of Louisiana's Rules of Professional Conduct for attorneys and from fraud and overreaching; and (3) enforcement of the clause would contravene a "strong public policy" of the State of Louisiana set forth in its Rules of Professional Conduct.[11] None of those arguments is availing.

First, Lighthouse's argument that it has a constitutional right to have disputes related to its contract with First Premium heard in a federal court pursuant to the court's diversity jurisdiction is not properly before us as it was not raised in the court below.[12] Even if it were properly before this court, Lighthouse's first argument is without merit. The United States Constitution does not preclude parties to a contract from waiving their rights to have contract-related disputes heard in federal court. In more than one case, this court has reviewed a forum selection clause that purported to give state courts exclusive jurisdiction over actions connected to the contract and held that the

---

[10] *See* Appellant's Br. (No. 11-30293) at 25-26 (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945)).

[11] *Id.* at 30-31.

[12] In its Memorandum in Support of Ex Parte Motion for Continuance of Hearing in case number 2:10-cv-4635, Lighthouse merely stated that "any jurisdictional clause in a contract must provide a knowing and intentional waiver of diversity jurisdiction." R. 66 (No. 11-30293); *see also id.* at 72 (stating, in the Opposition to First Premium's Motion to Dismiss, that Lighthouse "was unaware that it was waiving its right to the protection of federal jurisdiction").

forum selection clause was an enforceable waiver of a party's right to have disputes connected to the contract heard in a federal forum.[13]

To the extent that Lighthouse is arguing that it did not knowingly and willingly waive its right to be heard in a federal court, it is not supported by the record. Lighthouse contends that its waiver was not knowing and voluntary because First Premium's general counsel failed to highlight for Lighthouse the forum selection clause and other specific provisions in the parties' contract. This contention is unavailing. Under Louisiana law: "[a] person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it."[14]    Therefore, Lighthouse cannot maintain that it did not knowingly and willingly waive diversity jurisdiction on the basis that First Premium's general counsel did not discuss the forum selection clause with Lighthouse or warn Lighthouse of the clause's existence.[15]

Second, assuming, without deciding, that a violation of Louisiana's Rules of Professional Conduct for attorneys would provide a basis for this court to deem the forum selection clause in the parties' contract unreasonable, no evidence in the record supports Lighthouse's claim that the incorporation of the forum selection clause into the parties' contract resulted from a violation of Louisiana's Rules of Professional Conduct for attorneys.[16]

---

[13] *See Ensco Int'l Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 449 (5th Cir. 2009); *Collin County v. Siemens Bus. Servs.*, 250 F. App'x 45, 52 (5th Cir. 2007) (unpublished); *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006) (unpublished).

[14] *Smith v. Leger*, 439 So.2d 1203, 1206 (La. App. 1st Cir. 1983).

[15] *See* Appellant's Br. (No. 11-30293) at 26-27.

[16] Lighthouse appears to argue that the forum selection clause was incorporated into the contract through "fraud" or "overreaching" because the incorporation of the clause resulted from violations of Louisiana's Rules of Professional Conduct for attorneys. *See* Appellant's Br. (No. 11-30293) at 54-56, 61. Lighthouse does not allege any facts or make any arguments in

Nos. 11-30293, 11-30500

The first two Rules of Professional Conduct cited by Lighthouse are Rule 1.7, "Conflict of Interest: Current Clients," and Rule 1.8, "Conflict of Interest: Current Clients: Specific Rules." Rule 1.7 states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."[17] Rule 1.8 states that, as a general rule, "[a] lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client."[18] Lighthouse argues that First Premium's general counsel violated those two rules because he "chose to represent both [Lighthouse and First Premium] by drafting a contract for both of them to sign, when he knew he  had a . . . pecuniary interest [as a shareholder of First Premium] which gave him a clear and present conflict."[19] However, Lighthouse's Director of Marketing has affirmed that the general counsel was "the attorney for First Premium,"[20] and there is no evidence in the record that the general counsel ever undertook to give legal advice to Lighthouse or purported to draft the contract on Lighthouse's behalf. As First Premium notes, even if Lighthouse subjectively believed that First Premium's

---

support of its claim of fraud or overreaching beyond the facts that it cites in support of its claim that the forum selection clause was incorporated into the contract as a result of violations of the Rules of Professional Conduct. To the extent that Lighthouse's reference to "fraud" or "overreaching" is another argument that it did not legally consent to the forum selection clause, *see id.* at 54 (quoting La. Civ. Code arts. 1779, 1819, 1847), as we have already noted, there is no evidence that Lighthouse unknowingly or involuntarily waived its right to have disputes related to the contract heard in federal court.

[17] La. St. Bar Ass'n. Art. XVI § 1.7.

[18] *Id.* § 1.8.

[19] Appellant's Br. (No. 11-30293) at 34 .

[20] R. 75 (No. 11-30293).

7

general counsel was also Lighthouse's attorney, such a belief would not be reasonable.[21]

The third Rule of Professional Conduct cited by Lighthouse is Rule 4.3. That rule states:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in a matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.[22]

In this case, there is no evidence that the general counsel ever stated or implied to Lighthouse that he was disinterested or that he gave any legal advice to Lighthouse. Nor is there any evidence that Lighthouse misunderstood his role as counsel for First Premium, let alone any evidence that he knew or should have known that Lighthouse misunderstood his role.[23] As First Premium notes, no authority supports Lighthouse's contention that First Premium's general counsel provided legal advice to Lighthouse merely by drafting the contract.

The fourth Rule of Professional Conduct cited by Lighthouse is Rule 8.4(c): a lawyer may not "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."[24] There is no evidence that the general counsel made any

---

[21] *See Zichichi v. Jefferson Ambulatory Surgery Ctr., LLC*, Civil Action No. 07-2774, 2008 WL 2859232, at *4 (E.D. La. July 22, 2008) ("It would be unreasonable for Dr. Zichichi to think that he was establishing an attorney-client relationship with an adverse party's lawyer.").

[22] La. St. Bar Ass'n. Art. XVI § 4.3.

[23] *See* R. 75 (No. 11-30293).

[24] *Id.* § 8.4(c).

Nos. 11-30293, 11-30500

false or misleading statements to Lighthouse. To the extent that Lighthouse's argument is based on the general counsel's failure to point out or explain the forum selection clause to Lighthouse, First Premium's general counsel did not have a fiduciary relationship with Lighthouse that would give rise to a duty to convey that information under Louisiana law.[25] Lighthouse has not demonstrated that the forum selection clause was incorporated into the parties' contract due to a violation of Rule 8.4(c).

Because Lighthouse has not demonstrated that enforcement of the forum selection clause in the parties' marketing services contract would be unreasonable, we affirm the district court's dismissal of Lighthouse's suit against First Premium.

## B.

We next turn to the district court's decision granting First Premium's motion to remand its suit against Lighthouse to Louisiana state court. "Congress has severely circumscribed the power of federal appellate courts to review remand orders."[26] According to 28 U.S.C. § 1447(d), "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." However, the Supreme Court has held that "§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)."[27] Thus, as this court has previously explained, we "lack[] jurisdiction under § 1447 if the district court based its remand order on either a lack of subject matter jurisdiction or a

---

[25] *See, e.g.*, *Becnel v. Grodner*, 982 So.2d 891, 895 (La. App. 4th Cir. 2008) ("In the instant case, there was no special fiduciary relationship between Mr. Becnel and his opposing counsel that would give rise to a duty to disclose. In negotiating and perfecting the settlement . . ., the only fiduciary duty the McGlinchey defendants owed was to their client.").

[26] *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004).

[27] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996).

defect in removal procedure."[28] "[W]e will only review remand orders if the district court affirmatively states a non-1447(c) ground for remand."[29]

In this case, the district court stated explicitly that its decision to remand First Premium's suit was based on lack of subject matter jurisdiction, one of the grounds specified in 28 U.S.C. § 1447(c).[30]    The district court did not "affirmatively state[] [any] non-1447(c) ground for remand."[31] Therefore, we lack jurisdiction to review the district court's order of remand, and Lighthouse's appeal from that order is dismissed for want of jurisdiction.

## III.

The district court's dismissal of Lighthouse's suit against First Premium is AFFIRMED, and Lighthouse's appeal from the district court's order remanding to state court First Premium's suit against Lighthouse is DISMISSED.

---

[28] *Schexnayder*, 394 F.3d at 283 (citing *Quackenbush*, 517 U.S. at 712;  28 U.S.C. § 1447(c)).

[29] *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 927 (5th Cir. 1999) (quotation marks and citation omitted).

[30] *First Premium*, 2011 WL 1936298, at *1-*2 ("A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). . . .  For the reasons set forth in this Court's previous order, the Court finds that Lighthouse has failed to sustain its burden of proving that this Court has jurisdiction over claims relating to the Agreement.").

[31] *Smith*, 172 F.3d at 927 (quotation marks and citation omitted).