**WATS/800, INC., Plaintiff,**

**v.**

**VOICE AMERICA and Larry Walsh, Defendants.**

**Cause No. EV 93–101–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

June 14, 1993.

Jeffrey A. Wilhite, Jeffrey W. Ahlers, Kahn Dees Donovan & Kahn, Evansville, IN, for WATS/800 Inc.

Brian K. Carroll, Johnson Carroll & Griffith, Evansville, IN, for Voice America and Larry Walsh.

### MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court on Plaintiff's Motion to Remand. This case was removed by the Defendants on 11 June 1993. The Court has heard arguments on this motion today and now make the following findings of fact and conclusions of law.

1. It is undisputed that the parties entered into a contract containing the following language:

45. *Applicable Law* This Agreement shall be governed and construed under the laws of the state of Indiana. Any litigation brought pursuant to this Agreement or otherwise between the parties shall be brought in the state of Indiana in the courts of general jurisdiction for Evansville, Indiana.

Contract at ¶ 45.

2. District Courts, including this one, are Courts of limited jurisdiction. *See Owen Equipment v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1977).

3. Indiana Circuit and Superior Courts are of general jurisdiction. *See Alberts v. Mack Trucks,* 540 N.E.2d 1268 (Ind. App.1989).

4. "[W]here words or terms having a definite legal meaning and effect are knowingly used in a written instrument, the parties thereto will be presumed to have intended such words or terms to have their proper legal meaning and effect, in the absence of any contrary intention appearing in the instrument." *Cunningham v. New York Central R.R.,* 48 N.E.2d 176, 180 (Ind.App. In Banc 1943).

5. Though unartfully drafted, the language of ¶ 45 is unambiguous.

6. General jurisdiction has a definite legal meaning and there is no evidence that the parties did not intend that it be given that meaning.

7. Paragraph 45 confers sole jurisdiction on a court of general jurisdiction, a state court.

8. To interpret ¶ 45 differently would require construing the words "general jurisdiction" as superfluous.

9. "We cannot treat as surplusage any words in a contract to which may be ascribed some contractual significance." *Cornet v. Guedelhoefer,* 219 Ind. 200, 36 N.E.2d 933, 937 (1941).

10. The Sixth Circuit cases argued by the Defendants (*In re Delta America,* 900 F.2d 890 (6th Cir.1990) and *Regis Assoc. v. Rank Hotels,* 894 F.2d 193), are unavailing to their position. Without relying on them as authority, this Court is following their directive that the language of the contract must be interpreted using established principles of contract interpretation and that it must clearly and unequivocally waive the right of removal. Nevertheless, a clear waiver need not use the words "this case cannot be removed." Where, as here, the contract requires a court of general jurisdiction, this Court will not disturb the parties choice of forum.

11. The Court declines to follow *John's Insulation v. Siska Construction,* 671 F.Supp. 289 (S.D.N.Y.1987). *John's Insula-*

*tion's* interpretation of the contract language "shall be commenced" is too narrow. To interpret this language as meaning that it must start in the specified court but does not have to be resolved in that court and may be transferred or removed, simply tortures the language of the contract to the extent that it loses much of its meaning. This Court believes that when parties specify that a suit may only be commenced in a particular court, that it is their intent that it be resolved in that court.

For the forgoing reasons, this Case will be remanded to the Vanderburgh Superior Court this 14th day of June 1993 in Evansville, Indiana.