HEAD, District Judge:
Louis A. Waters was employed by Browning-Ferris Industries, Inc. (“BFI”) from 1969 to 1999. In July of 1999, Allied Waste Industries, Inc. acquired BFI, and Waters effectively retired. Under a November 1, 1991, Amended and Restated Agreement Respecting Employment between Waters and BFI, Waters became entitled to receive an Annual Retirement Payment. A dispute arose between Wa *797 ters and BFI over the proper calculation of Waters’ retirement compensation.
To resolve the dispute, Waters filed suit in the 23rd Judicial District Court of 'Wharton County, Texas. Alleging diversity of citizenship and federal question jurisdiction, BFI removed to the United States District Court for the Southern District of Texas, Houston Division. Waters moved to remand based on a forum selection provision in the contract. The district court agreed with Waters that BFI had waived its right of removal and remanded the case to Wharton County. BFI has, appealed the district court’s decision to remand. Finding that the forum selection clause gives Waters the unambiguous right to choose the forum to hear his dispute, we affirm.
Although the parties have not questioned the jurisdiction of the court to review the remand order, it is always appropriate for us to confirm our jurisdiction. Wilkens v. Johnson, 238 F.3d 328, 330 (5th Cir.2001). Remand orders are frequently not the subject of appellate review because district courts frequently remand under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. "When a district court remands a suit relying on a contractual forum selection clause, that decision is not based on lack of subject matter jurisdiction and is therefore outside of the statutory prohibition on our appellate review. McDermott Int’l, Inc. v. Lloyds Underwriters, 944 F.2d 1199, 1201 (5th Cir.1991). Contractual remand orders are reviewable by direct appeal. Id. at 1204.
A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the “right to choose the forum” in which any dispute will be heard. City of Rose City v. Nutmeg Insurance Co., 931 F.2d 13, 16 (5th Cir.1991), cert. denied, 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991). The district judge relied on this principle when she rejected BFI’s claims that it maintained control over the court where Waters’ suit could be heard. The provision of the contract at issue is:
Company consents with respect to any action, suit or other legal proceeding pertaining directly to this Agreement or to the interpretation of or enforcement of any Employee’s rights hereunder, to service of process in the State of Texas and appoints CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002 or such other agent within Houston, Texas as shall be designated by Company in a written notice to Employee, as its agent, in such state for such purpose. Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.
BFI contends that this clause is ambiguous and provides Waters only the initial choice of where he may file his suit. Acknowledging that a waiver of its removal rights does not have to include explicit words, such as “waiver of right of removal,” see, e.g., Nutmeg, 931 F.2d at 15; General Phoenix Corp. v. Malyon, 88 F.Supp. 502, 503 (S.D.N.Y.1949); Perini Corp. v. Orion Ins. Co., 331 F.Supp. 453, 454-55 (E.D.Cal.1971), BFI finds comfort in this court’s interpretation of the forum selection clause in McDermott, a decision in which this court denied remand. McDermott, 944 F.2d at 1200.
McDermott, a decision made after Nutmeg, is factually distinct from our case. In McDermott, the court found ambiguity *798 in the contract because the contract contained an arbitration clause in addition to a service of suit clause. McDermott, 944 F.2d at 1205. The court was forced to examine not only a service of suit clause, which was advanced as a forum selection clause, but also an arbitration clause. Id. The interplay of these two provisions created an ambiguity that did not allow the court to hold that the plaintiff had the right to choose the forum in which the dispute would be heard. Id. There is no such competing clause in the BFI contract, and we rely exclusively on the one provision at issue.
A reading of this provision leads this court to the inescapable conclusion that the plaintiff negotiated with the defendant a clear right to establish “irrevocably” the place where his suit could be filed and heard. Reading each of the three clauses together, it is apparent that BFI (1) agreed that Waters may sue it in any court of Texas, (2) consented to the jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas, including the 23rd Judicial District Court of Wharton County, Texas. A successful removal by defendant of this case from the Wharton County District Court to the United States District Court, Houston, Texas, would revoke plaintiffs choice to have his case heard by a judge and jurors in and of Wharton County and would deprive plaintiff of the benefits and conveniences he apparently sees in bringing suit in Wharton County. The court is not free to relieve BFI of its contractual waiver of jurisdiction and venue in Wharton County, Texas.
For the foregoing reasons, this court affirms the district court’s interpretation of this clause to be a forum selection clause in which the plaintiff has the right to choose the forum in which to bring his suit against the defendant.
AFFIRMED.