United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

—————————————

No. 03-10890

—————————————

GP PLASTICS CORP.,

Plaintiff - Appellee,

versus

INTERBORO PACKAGING CORP.,

Defendant - Appellant.

—————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
(No. 3:02-CV-822-R)

—————————————————————————————

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Appellee GP Plastics Corp. ("GP Plastics") sued Appellant Interboro Packaging Corp.

("Interboro") for breach of contract in Texas state court. Interboro removed to federal district court

on diversity grounds. Citing the parties' forum-selection agreement, the district court remanded the

———————————————

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

action to state court. We AFFIRM the judgment of the district court, holding that the complaint invokes a forum-selection clause constituting a valid waiver of Interboro's removal rights.

## I. FACTS AND PROCEEDINGS

GP Plastics manufactures plastic bags. Interboro purchases plastic bags and resells them to third parties. On February 16, 2000, pursuant to a written sales-purchase contract, GP Plastics agreed to manufacture for one year all plastic bags that Interboro sold in Texas. The contract contained the following forum-selection clause:

> The state or federal court of N.Y. selected by Distributor shall have jurisdiction over any complaint or counterclaim brought by Distributor against Manufacturer. Venue in such cases shall be in the N.Y. state court located in Distributors [*sic*] county or N.Y. federal court closest to Distributor's N.Y. business address. The state or federal court of Texas selected by Manufacturer shall have jurisdiction over any complaint or counterclaim brought by [M]anufacturer against Distributors. Venue in such cases shall be the Texas State Court located in Manufacturers [*sic*] county or the Texas federal court closest to Manufacturer's Texas business address.

One year later, GP Plastics sued Interboro for breach of contract in Florida state court, asserting that Interboro failed to remit full payment on certain invoices. Citing the parties' forum-selection agreement, Interboro moved for a change of venue. GP Plastics opposed the motion, arguing that, *inter alia*, its complaint did not invoke the forum-selection clause. The Florida court made a preliminary ruling that the forum-selection clause was mandatory rather than permissive, and scheduled an evidentiary hearing to determine, *inter alia*, whether it was invoked by GP Plastics's complaint.

Before the evidentiary hearing, however, GP Plastics dismissed its Florida lawsuit and sued Interboro in Texas state court, alleging breach of contract and seeking declaratory relief.[1] Although

---

[1] Interboro later sued GP Plastics in New York federal district court.

2

the Texas and the Florida lawsuits involved many of the same invoices, the Texas complaint omitted several claims, and asserted various new ones.

Interboro removed the Texas action to the Southern District of Texas based on diversity jurisdiction. GP Plastics then moved to remand, arguing that the contract's forum-selection clause constituted a waiver of Interboro's right of removal. After a hearing, the magistrate judge recommended that the matter be remanded to Texas state court. Over Interboro's objection, the district court adopted the magistrate's report and recommendation, and granted GP Plastics's motion to remand. Interboro timely appeals.

## II.  STANDARD OF REVIEW

We review *de novo* a district court's determination that a forum-selection clause waived a party's right to remove. *McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204 (5th Cir. 1991) ("We review the district court's interpretation of the policy *de novo*."); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216 (3d Cir. 1991) ("The district court, engaging in contractual construction over which we exercise plenary review, determined that the legal effect of the clause was to waive Chesapeake's right to remove.") (internal citations omitted).

## III.  ANALYSIS

Interboro contends that the district court's remand order was erroneous because (1) GP Plastics's complaint does not legitimately invoke the contract's forum-selection clause, (2) the clause does not constitute a waiver of Interboro's removal rights, and (3) GP Plastics waived its contractual right to choose a forum.[2]

---

[2] This Court has jurisdiction to review contractual remand orders. In *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796, 797 (5th Cir. 2001), we stated:

3

A.      GP Plastics's complaint invokes the forum-selection clause

(1)      Judicial Estoppel

As an initial matter, both parties contend that the arguments advanced during the Florida litigation judicially estop the other from contesting this issue.[3] Judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996). This Court requires that (1) the position of the party to be estopped be clearly inconsistent with its previous position, and that (2) the party convinced the court originally hearing the matter to accept that previous position. *Aherns v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000). The second prong is satisfied when a court has "necessarily accepted and relied on" a party's position in making a determination. *Id*. at 836. The previous court's acceptance of a party's argument could be "either as a preliminary matter or as part of a final disposition." *In re Coastal Plains*, 179 F.3d 197, 206 (5th Cir. 1999).

Judicial estoppel does not apply here for two reasons. First, the Florida lawsuit involved different claims than those raised in this action. As a result, GP Plastics's prior argument that its

---

Remand orders are frequently not the subject of appellate review because district courts frequently remand under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. When a district court remands a suit relying on a contractual forum-selection clause, that decision is not based on lack of subject matter jurisdiction and is therefore outside of the statutory prohibition on our appellate review. *McDermott Int'l, Inc. v. Lloyd's Underwriters*, 944 F.2d 1199, 1201 (5th Cir. 1991). Contractual remand orders are reviewable by direct appeal. *Id.* at 1204.

*See also Dixon v. TSE Int'l*, 330 F.3d 396, 398 (5th Cir. 2003) ("We have jurisdiction to entertain this appeal of a contractual remand order.").

[3] In the Florida action, Interboro—not GP Plastics—sought to invoke the forum-selection agreement.

4

Florida lawsuit did not invoke the forum-selection clause, and Interboro's argument that it did, are not "clearly inconsistent" with their current arguments. Second, the Florida court did not expressly decide whether GP Plastics's complaint invoked the forum-selection clause, but instead scheduled an evidentiary hearing to determine this issue. Because GP Plastics dismissed its lawsuit prior to the evidentiary hearing, neither party can show that the other convinced the Florida court to accept its previous position. For these reasons, judicial estoppel does not bar either party from advancing its current arguments as to whether GP Plastics's claims invoke the forum-selection clause.

(2)     GP Plastics's complaint

Interboro acknowledges that GP Plastics's complaint raises claims related to transactions governed by the contract. It nonetheless argues that these claims cannot invoke the forum-selection clause because they are "illegitimate," "frivolous," and "were literally invented as part of GP Plastics's consistent effort to engage in forum-selection shopping."[4] As a result, Interboro argues that the district court erred when it refused to pierce the pleadings and evaluate the validity of each claim.[5] We disagree.

The parties' forum-selection agreement provides that the state or federal court of Texas selected by GP Plastics shall have jurisdiction over "any complaint or counterclaim" brought by GP Plastics against Interboro. A plain reading of this language indicates that the clause is triggered by

---

[4] Interboro explains that "[i]f GP Plastics's exercise in blatant forum shopping is allowed to stand, the resolution of the declaratory judgment action will ultimately deny Interboro its contractual right to litigate its affirmative claims in New York."

[5] The district court stated that it "is not free to relieve Interboro of its contractual waiver of jurisdiction and venue" in Texas court. The magistrate declined to perform a factual review because it would "involve a fact intensive inquiry, which necessarily would entail merits discovery."

nothing more than the mere filing of a civil action by GP Plastics against Interboro. We conclude that the district court's refusal to conduct a merits-based review of GP Plastics's complaint was not erroneous because it followed the unambiguous meaning of the parties' forum-selection clause. *See generally Snapper, Inc. v. Redan*, 171 F.3d 1249, 1258 (11th Cir. 1999) (stating that "a remand based on a forum-selection clause depends on an adjudication of the meaning of the clause").

B.     The forum-selection clause constitutes a waiver of Interboro's removal rights

Interboro next contends that the remand order is improper because the forum-selection clause does not constitute a waiver of Interboro's right of removal. "A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard." *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (quoting *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991)). In *Waters*, this Court interpreted the following clause as a waiver of removal rights:

> Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of [Texas] or the courts of the United States for [Texas], (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.

252 F.3d at 797. *Waters* reasons that "[a] reading of this provision leads this court to the inescapable conclusion that the plaintiff negotiated with the defendant a clear right to establish 'irrevocably' the place where his suit could be filed and heard." *Id.* at 798. The *Waters* Court also made clear that a waiver of removal rights need not include explicit words such as "waiver of rights of removal." *Id.* at 797.

6

Interboro contends that "[n]othing in the [forum-selection] clause unambiguously states that Interboro has waived its right to remove the case to federal court." As stated above, a waiver of removal rights need not be explicitly stated; rather, the clause need only "make clear" that one of the parties has the "right to choose" the forum. *Waters*, 252 F.3d at 797.

The contract's forum-selection clause meets this standard. It provides that "the state or federal court of Texas selected by" GP Plastics shall have jurisdiction to hear any of its complaints or counterclaims. If, as contended by Interboro, the parties simply intended to grant GP Plastics the right to file lawsuits in the most geographically-convenient forum, the clause would have simply provided that "the state and federal courts of Texas shall have jurisdiction." Because the clause goes further, and provides that GP Plastics can "select" either the "state or federal court," we conclude that it, like the provision in *Waters*, constitutes a valid waiver of Interboro's removal rights.

C.      GP Plastics did not waive its contractual right to choose a forum

Interboro lastly contends that GP Plastics waived its contractual right to select the Texas forum when it sought to recover similar damages in an alternative forum. Under Texas law, the elements of waiver are (1) an existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; and (3) actual intent to relinquish that right. *Two Thirty Nine Joint Venture v. Joe*, 60 S.W.3d 896, 904 (Tex. App.—Dallas 2001, pet. denied). GP Plastics, in response to an interrogatory in a related New York lawsuit, stated that it planned to seek an offset in the New York litigation for those damages caused by the breaches of contract alleged in this dispute. At the time GP Plastics completed this interrogatory, however, it had already exercised its right to enforce

7

the forum-selection clause by filing its lawsuit in Texas and filing its motion for remand.[6]  Because we are unpersuaded that GP Plastics demonstrated an intent to relinquish a right that it had already exercised, Interboro's claim that GP Plastics waived its contractual right to select a forum is meritless.

## IV.  CONCLUSION

The district court did not err by ordering GP Plastics's action remanded to state court.  GP Plastics's complaint invoked a forum-selection clause that constituted a valid waiver of Interboro's right of removal, and GP Plastics did not waive its contractual right to choose a forum.  For these reasons, the judgment of the district court is AFFIRMED.

---

[6] GP Plastics filed its motion to remand the Texas lawsuit in July 2002.  GP Plastics submitted its interrogatory answers in the New York action in January 2003.