# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2022

Lyle W. Cayce
Clerk

No. 21-20351

Dynamic CRM Recruiting Solutions, L.L.C.,

*Plaintiff—Appellee*,

*versus*

UMA Education, Incorporated, *doing business as* Ultimate
Medical Academy,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-01259

Before Higginson, Willett, and Ho, *Circuit Judges.*
Don R. Willett, *Circuit Judge*:

Forum selection clauses are ubiquitous in commercial contracts. But sometimes the parties disagree about what they agreed to, litigating where disputes must be litigated. Take this case. Dynamic CRM Recruiting Solutions sued UMA Education in Harris County district court for alleged misappropriation of Dynamic's software. UMA removed the action to federal district court, which in turn remanded it to state court based on the parties' contractual forum selection clause. UMA now appeals the remand

order. For the reasons discussed below, we AFFIRM: this case belongs in state court.

I

In June 2019, Dynamic licensed its computer software to UMA. As part of the licensing agreement, UMA promised not to "decompile, reverse engineer, or otherwise attempt to derive the source code" for the software without Dynamic's written consent. Dynamic asserts that UMA violated the Agreement by developing computer programs based on Dynamic's software.

In October 2020, Dynamic sued UMA in the 189th Judicial District Court of Harris County based on UMA's alleged misappropriation, asserting claims for breach of contract, fraudulent inducement, conversion, quantum meruit, lien foreclosure, and violations of the Texas Theft Liability Act (TTLA) and the Texas Uniform Trade Secrets Act; and seeking damages and injunctive relief. UMA timely removed the action to federal district court based on diversity and subsequently moved to dismiss. In response, Dynamic sought remand to state court, arguing that the parties' forum selection clause required suits arising under the Agreement to be brought in Harris County district courts. That clause reads:

> Any dispute arising out of or under this Agreement shall be brought before the district courts of Harris County Texas, situated in the city of Houston, unless mutually agreed otherwise. Notwithstanding this, this choice of forum provision shall not prevent either party from seeking injunctive relief with respect to a violation of intellectual property rights or confidentiality obligations in any appropriate jurisdiction.

UMA disputed Dynamic's reading of the forum selection clause, contending that the choice of Harris County district courts was not exclusive of other fora; that, even if the choice was exclusive, the "district courts of Harris County" included federal district courts located in the county; and that, even

No. 21-20351

if that phrase did not encompass federal courts, the clause required only that suits arising under the Agreement be initially "brought before" Harris County district courts but did not bar subsequent removal to federal court. UMA further argued that Dynamic's TTLA and conversion claims were essentially for copyright violations and thus were preempted by federal copyright statutes.

The federal district court held a pretrial conference, during which Dynamic moved to amend its complaint to drop its claims for conversion, quantum meruit, lien foreclosure, and violations of the TTLA. The district court granted the motion to amend and sided with Dynamic on the remand issue, agreeing that its remaining claims had to be heard in Harris County district courts per the forum selection clause.[1] UMA timely appealed the district court's remand order.

## II

A district court's order remanding an action to state court based on a contractual forum selection clause is immediately appealable.[2] We review the district court's interpretation of such a clause de novo.[3] Although this court has not always been perfectly consistent in describing the rules governing removal waivers,[4] our caselaw has endorsed the basic principle that "[a] party to a contract may waive a right of removal provided the provision of the

---

[1] *See Dynamic CRM Recruiting Sols., LLC v. UMA Educ., Inc.*, No. CV H-21-1259, 2021 WL 2891950 (S.D. Tex. July 1, 2021).

[2] *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001).

[3] *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008).

[4] *See Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 21-40292, 2022 WL 476086, at *1 n.3 (5th Cir. Feb. 16, 2022) ("Our case law has some inconsistencies on how ambiguous clauses interact with removal waiver.").

contract makes clear" the intent to waive that right.[5] Nevertheless, "a waiver of . . . removal rights does not have to include explicit words, such as 'waiver of right of removal.'"[6] "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."[7] Since this forum selection clause does not explicitly mention removal or give either party the right to choose the forum, the question is whether the clause establishes an exclusive venue for disputes arising under the Agreement.

Although the enforceability of a forum selection clause in a diversity case such as this one is governed by federal law, the clause's interpretation is governed by the law of the forum state—subject, of course, to the requirement that a waiver of removal rights be sufficiently clear.[8] Here, the forum state is Texas, and the Agreement provides that its interpretation shall be governed by Texas law. Contractual choice-of-law clauses are generally valid under Texas law unless they violate one of the limitations set forth in the Restatement (Second) of Conflict of Laws § 187 (1971),[9] and neither party here has argued that this clause is invalid on this ground.

Under Texas law, a court's "prime directive" in "interpreting a written contract . . . is to ascertain the parties' intent as expressed in the instrument."[10] And the surest manifestation of what the parties intended is

---

[5] *Waters*, 252 F.3d at 797.

[6] *Id.*

[7] *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

[8] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016).

[9] *Id.* at 304–05.

[10] *URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 757 (Tex. 2018).

what their agreement says.[11] To properly understand the objective meaning conveyed by contractual text, "[w]e must read all parts of the contract together, striving to give meaning to every . . . word" and "to avoid rendering any portion inoperative."[12] "Surrounding facts and circumstances" may also "inform the meaning of [contractual] language but cannot be used to augment, alter, or contradict the terms of an unambiguous contract."[13]

## III

UMA first argues that the forum selection clause allows removal because nothing in the clause's language indicates that Harris County district courts are the exclusive forum for resolving disputes arising under the Agreement.[14] We disagree. Although the provision does not use words such as "exclusive" or "sole," the natural import of its language, read holistically,

---

[11] *See Reconstruction Fin. Corp. v. Gossett*, 111 S.W.2d 1066, 1074 (Tex. 1938) ("The object of construing any written instrument is to ascertain the intention of the parties," which "must be determined, if possible, from the language used in the instrument itself.").

[12] *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998) (citation omitted).

[13] *URI*, 543 S.W.3d at 758.

[14] UMA argued before the district court below that the forum selection clause allows removal to federal court because it merely requires that disputes arising under the Agreement be litigated in "the district courts of Harris County"—which, in UMA's view, include the federal district court located in that county. The district court rightly rejected this argument, explaining that references to the courts "of" a particular jurisdiction refer specifically to courts created under that jurisdiction's authority. *See Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam). Thus, the court below held, federal courts are not "of Harris County," even though one of them is *in* Harris County. The district court also rejected UMA's argument below that "district courts of Harris County" must include the U.S. district court because there is only one Harris County district court, making use of the plural "courts" inexplicable if it did not include the federal court; as the district court below correctly noted, there are in fact 24 Harris County district courts. Finally, UMA argued below that this dispute did not "aris[e] out of" the Agreement within the meaning of the forum selection clause, an argument the district court also rejected. UMA does not press this argument on appeal, and we therefore do not consider it.

No. 21-20351

is that the choice of Harris County district courts is exclusive of other fora: "Any dispute arising out of or under this Agreement shall be brought before the district courts of Harris County . . . unless mutually agreed otherwise." The sentence uses "shall," "the paradigmatic mandatory word,"[15] in specifying where disputes must be brought, and ends with the proviso, "unless mutually agreed otherwise." This qualifying phrase specifies one of two exceptions—mutual agreement—to the choice of Harris County district courts as the exclusive forum. This does not help UMA because the parties have not mutually agreed on another forum.

The very next sentence of the clause sets forth the other exception: "Notwithstanding this, this choice of forum provision shall not prevent either party from seeking injunctive relief with respect to a violation of intellectual property rights or confidentiality obligations in any appropriate jurisdiction." This exception also does not help UMA, since it is Dynamic that seeks injunctive relief (in addition to damages). Had UMA been the plaintiff, it could have sought an injunction in any appropriate jurisdiction, but it does not follow that UMA may bring the dispute before the jurisdiction of its choosing simply because it is the defendant in a suit for injunctive relief. Thus, since neither exception to the Agreement's choice of forum applies, the clause is clear: the dispute "shall" be brought before the Harris County district courts.

Indeed, our reading of the clause as exclusive is bolstered by the proviso allowing either party to seek injunctive relief "in any appropriate jurisdiction" under certain circumstances. True, a proviso does not necessarily denote a clash of provisions. But interpreting the clause as specifying Harris County district courts as the exclusive forum for disputes

---

[15] *Welch v. Thompson*, 20 F.3d 636, 640 n.12 (5th Cir. 1994).

arising under the Agreement makes more sense than interpreting it as specifying a non-exclusive forum choice, since the latter reading would render the second quoted sentence's express permission to bring certain disputes "in any appropriate jurisdiction" unnecessary.[16]

Next, UMA argues that the forum selection clause allows removal of Dynamic's suit to federal court because the provision requires only that disputes arising under the Agreement be "brought before" Harris County district courts, not that they be *decided* by such courts. Under this reading, the Agreement uses "bring" in its strict, legal sense: to mean initiating litigation, or instituting proceedings.[17] Thus, UMA contends, even if Dynamic's action was later removed to federal court, it began in Harris County district court, and was thus "brought before" the latter tribunal within the meaning of the forum selection clause.

The district court, however, rejected this interpretation, and Dynamic urges us to do the same. The district court explained its reasoning this way:

> Because the Agreement does not define "brought before" or indicate that the term has a special or technical meaning, the court considers the generally accepted meaning of the term. "Brought" is the past participle of "bring," which is ordinarily defined as: "to convey, lead, carry, or cause to come along with one toward the place from which the action is being regarded"; "to cause to be, act, or move in a special way"; "to cause to exist or occur." The ordinary definitions of "before" are: "in advance"; "at an earlier time"; "in front of"; "in the presence of"; "under the jurisdiction or consideration of";

---

[16] *See Balandran*, 972 S.W.2d at 741 ("We ... striv[e] to give meaning to every sentence, clause, and word to avoid rendering any portion [of a contract] inoperative.").

[17] *See Bring an action*, Black's Law Dictionary (11th ed. 2019) ("To sue; institute legal proceedings.").

"earlier than"; or "in a higher or more important position than."[18]

Thus, the district court reasoned, "the ordinary meaning of 'brought before' in the Agreement is 'to cause a civil action to exist under the jurisdiction of.'"[19] Removal would thus amount to "br[inging] [a matter] before" a U.S. district court, in violation of the Agreement's forum selection clause.

We agree. To remove this litigation would be to "br[ing] [it] before" a federal district court for determination. Since the Agreement provides that disputes arising thereunder must be "brought before the district courts of Harris County"—a choice that is, as we have explained, exclusive of other fora—UMA has contractually waived its right to remove this suit. Our conclusion is anchored on several considerations.

We proceed from a bedrock tenet of Texas law: In construing a contract, courts must "give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense."[20] As the district court soundly explained, removal "brings" a matter to federal court for consideration, in the colloquial sense; this is no less true simply because the matter may have initially been "brought" to another decisionmaker. We further note that lay dictionaries define the phrase, "bring before" as "to cause (someone or something) to come to (someone or something) for an official decision or judgment."[21]

---

[18] 2021 WL 2891950, at *4 (quoting *Bring*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/bring (last visited June 17, 2021); *Before*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/before (last visited June 17, 2021)).

[19] *Id.*

[20] *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996).

[21] *Bring Before*, MERRIAM-WEBSTER, https://www.merriam-web-ster.com/dictionary/brought%20before (last visited March 15, 2022); *accord Bring Before*,

No. 21-20351

Nothing about this definition suggests that an issue is only "brought before" some authority if it was not previously brought before another authority. It is therefore proper to say that removal under 28 U.S.C. § 1441 "cause[s] [a dispute] to come to [federal court] for an official decision or judgment."

Still, UMA protests, the Agreement uses "brought before" in the context of discussing litigation, and hence those words should be read not according to their lay definitions, but rather according to their legal meaning. Specifically, UMA directs us to the definition of "bring an action," which is defined in the parlance of the law as "[t]o sue; institute legal proceedings."[22] This does not change our conclusion. For one, even if we read "br[ing]," as used in the Agreement, to mean "institute legal proceedings," it still quite

---

OXFORD ADVANCED AMERICAN DICTIONARY, https://www.oxfordlearnersdictionaries.com/us/definition/american_english/bring-before (last visited March 15, 2022) ("to present someone or something for discussion or judgment"); *Bring Before*, MACMILLAN DICTIONARY, https://www.macmillandictionary.com/dictionary/american/bring-before (last visited March 15, 2022) ("to arrange for a case to be discussed in a court, committee, or legislature").

Though we do not decide the point here (as neither party has raised it), we note that our holding should not be understood as construing the forum selection clause to waive the right of appeal from the Harris County district courts. To appeal the judgment of such district courts would in some sense "br[ing] [it] before" a court other than the ones specified in the Agreement (namely, a state appellate court), but in that scenario, a dispute arising under the Agreement would not necessarily be "brought before" the state court of appeal in the same way that the dispute is "brought before" a federal district court upon removal. In the latter case, the controversy is presented to the federal court afresh, whereas an appeal allows only for a higher tribunal to review the proceedings of a subordinate one for error. *See* 4 C.J.S. *Appeal and Error* § 52 ("A court of appeal is . . . not a court of original jurisdiction. It may exercise its power to review and revise the judgment of the lower court only after the lower court has rendered an appealable order or judgment. Thus, the scope of review by an appellate court is usually limited to a consideration of the assignments of error in the record . . . ."); *Matter of Meyerland Co.*, 960 F.2d 512, 516 n.6 (5th Cir. 1992) (en banc) ("[R]emoval . . . is more closely akin to original than to appellate jurisdiction because once the case is removed, it is treated as if it had commenced in federal court.").

[22] BLACK'S LAW DICTIONARY (11th ed. 2019).

arguably would encompass removal, which is described in some federal statutes on the subject as a way of "instituting a[] civil action, suit or proceeding in [federal] court."[23] "[T]he modern view of removal," as we have remarked, "is that it is more closely akin to original than to appellate jurisdiction because once the case is removed, it is treated as if it had commenced in federal court."[24] To treat removal as the commencement, or bringing of, a proceeding in a federal district court for purposes of a forum selection clause therefore makes sense, given that the law treats removal as commencement of a proceeding in the district court for most other purposes.

Moreover, legal authorities (including our own decisions) have long described actions removed from state court as having been "brought before" the federal court to which they were removed.[25] These sources necessarily

---

[23] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . . ."); *see also Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) ("[T]he only plausible construction of . . . [the forum selection clause] is that . . . removal constitutes the commencement of a 'proceeding' in federal court.").

[24] *Matter of Meyerland Co.*, 960 F.2d 512, 516 n.6 (5th Cir. 1992) (en banc).

[25] *See, e.g.*, *City of Gainesville v. Brown-Crummer Inv. Co.*, 277 U.S. 54, 60 (1928) ("The necessary effect of the removal on such a ground was to remove the whole suit. This brought it all before the District Court . . . for complete disposition."); *Paxton v. Weaver*, 553 F.2d 936, 942 (5th Cir. 1977) ("If . . . the suit was first brought before the [federal] court by removal, a party cannot challenge the propriety of removal on appeal unless he has objected at the district court level."); *Texas v. Real Parties in Interest*, 259 F.3d 387, 394 n.13 (5th Cir. 2001) ("In order to bring the proceeding before the [federal] court . . . , Private Counsel 'removed' the proceeding directly to the Eastern District of Texas, Texarkana Division."); *In re Conklin*, 946 F.2d 306, 324 (4th Cir. 1991) ("The case was removed to federal court, thus bringing before the federal court the initial complaint embracing the federal claims and . . . the pendent state claims."); *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 283 (6th Cir. 2015) ("The Plaintiffs properly filed their . . . claims in Michigan state court . . . . It was Pennfield's choice to remove to federal court that brought these claims before a forum in which they were unripe."); *Branch Banking & Tr. Co. v. Okay*, No. 1:16CV555, 2016 WL 4441997, at *5 (E.D. Va. Aug. 23, 2016) ("This

No. 21-20351

inform how we interpret the same phrase as used in the Agreement here, for the objective meaning conveyed by contractual terminology may depend on longstanding usage or linguistic conventions surrounding that terminology.[26]

Finally, we note a bevy of cases from around the country in which courts have confronted the question of whether similarly worded forum selection clauses preclude removal from the state courts specified as the exclusive fora for contractual disputes.[27] With a few exceptions,[28] courts have uniformly found that such provisions bar removal.

---

case was brought before this Court by Defendant's removal of the action from Arlington County Circuit Court."); *395 Lampe, LLC v. Kawish, LLC*, No. C12-1503RAJ, 2015 WL 1565901, at *2 (W.D. Wash. Apr. 8, 2015) ("Federal law provides many mechanisms to bring claims before it. . . . Where a removal statute applies, a defendant can bring a plaintiff's claims to federal court."); Alan D. Scheinkman, 12 N.Y.Prac., New York Law of Domestic Relations § 26:14 (June 2021 update) ("28 U.S.C.A. § 152 provides that . . . a proceeding . . . commenced outside of the bankruptcy court . . . may be 'removed' or brought before the bankruptcy court."); Alfred Conkling, A Treatise on the Organization, Jurisdiction and Practice of the Courts of the United States 155 (4th ed. 1864) ("[T]he judicial act . . . was not intended . . . to extend the jurisdiction of [inferior federal] courts over causes brought before them on removal, beyond the limits prescribed to their original jurisdiction"); *see also Osorio v. N. Broward Hosp. Dist. Corp. Headquarters*, No. 08-61925-CIV, 2008 WL 5111296, at *2 (S.D. Fla. Dec. 4, 2008); *Michigan v. Woodroffe*, No. 08-13739, 2009 WL 536518, at *2 (E.D. Mich. Mar. 3, 2009).

[26] *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285 (Tex. 1998); *Luling Oil & Gas Co. v. Humble Oil & Ref. Co.*, 191 S.W.2d 716, 724 (Tex. 1945).

[27] *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991) (construing forum selection clause in part by consulting federal cases interpreting similar clauses).

[28] So far as we are aware, these exceptions (some of which are cited in UMA's brief) all come from courts in the Sixth Circuit. *See TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-02221-SDM, 2019 WL 3889623, at *2 (S.D. Ohio Aug. 16, 2019), *report and recommendation adopted,* No. 2:19-CV-2221, 2019 WL 4871432 (S.D. Ohio Oct. 3, 2019) (citing cases). Notably, "the Sixth Circuit has set the bar higher" for contractual waivers of removal rights "than other Circuits have." *Id.* at *1. It is true that both this Circuit and the "Sixth . . . have determined that a waiver of the right to removal must be 'clear and unequivocal'"—but "the manner in which the courts apply this standard is inconsistent."

No. 21-20351

Most notably, a 1988 Second Circuit decision considered a forum selection clause providing that "[n]o action or proceeding shall be commenced by [one contracting party] against [the other] except in the Supreme Court of . . . New York, County of New York."[29] In that case, one contracting party sued the other in the state forum specified in the contract, and the defendant then attempted to remove to federal court, arguing that the forum selection clause required only that actions be "commenced" in the New York Supreme Court of New York County, not that they remain there. The Second Circuit, while describing the issue as "difficult," rejected the defendant's argument and disallowed removal.[30] While "[t]he phrase 'commenced by Contractor against Owner' may not literally preclude removal," the court reasoned, "the only plausible construction of the pertinent phrase is that . . . removal constitutes the commencement of a 'proceeding' in federal court. Indeed, the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal."[31] This logic applies *a fortiori* to the Agreement here, which requires that disputes be not just "commenced" in Harris County district courts (which could at least arguably imply merely that litigation *start* there), but rather "brought before"

---

*OsComp Sys., Inc. v. Bakken Exp., LLC*, 930 F. Supp. 2d 261, 268 (D. Mass. 2013). *Compare City of New Orleans*, 376 F.3d at 504 (5th Cir. 2004) ("A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."); *with EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008) ("A clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal."). We find the cases from outside the Sixth Circuit (including two from district courts in this Circuit) to be more instructive in interpreting this forum selection clause.

[29] *See Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 658 (2d Cir. 1988).

[30] *Id.* at 659.

[31] *Id.*

those courts—wording that, as we have explained, carries such an implication only weakly, if at all.

In the decades since *Karl Koch*, courts around the country, when confronted with forum selection clauses requiring that contractual disputes be "brought in" particular state courts (or similar phraseology), have construed those provisions as barring removal to federal court.[32] It would certainly be arguable, were it a question of first impression, whether these

---

[32] *See Wats/800, Inc. v. Voice Am.*, 867 F. Supp. 811, 812–13 (S.D. Ind. 1993) (clause requiring that disputes arising under agreement be "brought in" a particular state court precluded removal); *RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F. Supp. 2d 1204, 1207, 1210–11 (S.D. Iowa 2003) (same); *Cont. Refinishing & Maint. Corp. v. U.S. Grant Hotel Ventures, LLC*, No. 2:05-CV-70-WCO, 2005 WL 8156165, at *2 (N.D. Ga. July 13, 2005) (same); *Cajun Constructors, Inc. v. Gar-Tex Constr. Co.*, No. CV 07-171-D-M2, 2007 WL 9706650, at *4–6 (M.D. La. June 26, 2007) (same); *Babe Winkelman Prods., Inc. v. Sports Design & Dev., Inc.*, No. CIV.05-2971 DWF/RLE, 2006 WL 980821, at *2–3 (D. Minn. Apr. 7, 2006), *vacated in part on reconsideration on other grounds,* 2006 WL 2590635 (June 22, 2006) (same); *Specialty Cheese Co. v. Universal Food & Dairy Prod., Inc.*, No. 07-CV-970, 2008 WL 906750, at *3 (E.D. Wis. Apr. 1, 2008) (same); *Frosty Valley Country Club Inc. v. Integrity Golf Co., LLC*, No. 4:17-CV-02138, 2018 WL 3141717, at *3 (M.D. Pa. June 27, 2018) (clause requiring that disputes arising under agreement be "lodged in" a particular state court precluded removal); *Skydive Factory, Inc. v. Skydive Orange, Inc.*, No. 12-CV-307-SM, 2013 WL 954449, at *2–3 (D.N.H. Mar. 12, 2013) (clause requiring that disputes arising under agreement be "filed in" a particular state court precluded removal); *Plum Creek Wastewater Auth. v. Aqua-Aerobic Sys., Inc.*, 597 F. Supp. 2d 1228, 1234 (D. Colo. 2009) (same); *Kansas City S. Ry. Co. v. Hanover Ins. Co.*, 159 F. Supp. 3d 729, 735 (S.D. Miss. 2015) (removal was precluded by clause requiring that, in any dispute arising under agreement, "the parties must bring court proceedings in" a particular state court); *Rockwood Cas. Ins. Co. v. Ranger Coal Holdings, LLC*, No. CIV.A. 3:13-262, 2014 WL 1572545, at *3 n.4 (W.D. Pa. Apr. 17, 2014) (fact that clause required disputes arising under agreement to be "filed in" a particular state court was likely sufficient to preclude removal); *see also United Mortg. Corp. v. Plaza Mortg. Corp.*, 853 F. Supp. 311, 314–15 (D. Minn. 1994) (clause requiring that any litigation relating to agreement be "brought in" a particular state precluded later transferring action brought in that state to another state); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (forum selection clause providing that "'venue shall be proper under this agreement in Johnson County, Kansas'" passed the "clear and unequivocal" standard for waivers of removal rights because it "seem[ed] reasonably clear" from the provision that removal was forbidden).

courts correctly interpreted the clauses at issue. But given this strong weight of authority, the parties to this Agreement were on constructive notice that, by using terminology similar to that which courts have generally construed as forbidding removal, they were waiving their right to remove an action filed in Harris County district court to federal court.[33]

## IV

UMA also argues that the court below abused its discretion in allowing Dynamic to drop its claims for conversion, quantum meruit, lien foreclosure, and violations of the TTLA—a consequential error, UMA contends, because the conversion and TTLA claims are subject to exclusive federal jurisdiction and would preclude remand no matter what the forum selection clause purports to require. We need not reach the jurisdictional point because we hold that the district court properly allowed Dynamic to amend its complaint.

As UMA correctly notes, the proper means for a party to abandon some, but not all, of its claims prior to trial is a motion to amend under Federal Rule of Civil Procedure 15(a). Both parties apparently concede that, since Dynamic was not entitled to amend as a matter of right under the circumstances, any motion to amend would have been governed by subsection (2) of the Rule, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," adding, "The court should freely give leave when justice so requires."[34] This language "evinces a bias in favor of granting leave to

---

[33] *See Hardware Dealers Mut. Ins. Co. v. Berglund*, 393 S.W.2d 309, 315 (Tex. 1965) ("Contracting parties generally select a judicially construed clause with the intention of adopting the meaning which the courts have given to it.").

[34] FED. R. CIV. P. 15(a)(2).

amend. . . . [U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[35]

UMA argues that Dynamic never properly moved to amend its complaint. We disagree. A party may take advantage of Rule 15(a) so long as he or she has "'expressly requested' to amend even though their request 'was not contained in a properly captioned motion paper.' A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought."[36] "A request for a court order"—including one granting leave to amend—"must be made by motion," but need not be in writing if it is "made during a hearing or trial."[37] Here, Dynamic's counsel asked the district court for leave to amend at the initial conference. Specifically, counsel proposed to delete several claims (including those for conversion and for violations of the TTLA) if the court would so allow, explaining that concerns about preemption motivated the request. This hearing was on the record. Although counsel did not cite Rule 15, he did repeatedly request an "amend[ment]," and also was quite clear as to the nature of, and reasons for, the proposed amendment. This was enough to invoke Rule 15(a). The district court did not abuse its discretion in allowing Dynamic's proposed amendment.

Along similar lines, UMA argues that even if we find no reversible error in the district court's grant of Dynamic's motion to amend, we should remand to allow UMA to argue that Dynamic's other claims may also be copyright claims in substance and thus preempted by federal law. We decline.

---

[35] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).

[36] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

[37] Fed. R. Civ. P. 7(b)(1).

No. 21-20351

For starters, UMA's briefing provides no analysis whatsoever on the question of which of Dynamic's other claims might fall into this category.[38] More importantly, UMA argued before the district court only that Dynamic's conversion and TTLA claims were preempted, thereby forfeiting similar arguments regarding the remaining claims. Although Dynamic proposed amending its complaint at the initial conference, the amendment did nothing more than drop certain claims. From the moment this suit was filed, UMA had the opportunity to argue that Dynamic's other claims were preempted as well. Having failed to make such an argument below, UMA is not entitled to a do-over for purposes of fleshing out this forfeited theory.[39]

## V

For these reasons, the judgment of the district court is AFFIRMED.

---

[38] *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (inadequately briefed arguments are forfeited).

[39] *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424–25 (5th Cir. 2004); *White v. Walker*, 950 F.2d 972, 980 (5th Cir. 1991); *cf. United States v. Lee*, 358 F.3d 315, 324 (5th Cir. 2004).