# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2025

Lyle W. Cayce
Clerk

No. 24-60480

———————

Gulf Coast Pharmaceuticals Plus, L.L.C.; Primary Pharmaceuticals, Incorporated,

*Plaintiffs—Appellees*,

*versus*

RFT Consulting, Incorporated; Brandon Reich; Richmont Capital, L.L.C.; LBR Management Group, L.L.C.; Tag Preservation Specialists, Corporation; Gonzalo Carranza; Ryan Wolf, L.L.C.; Ryan Wolf; Wasatch RX, L.L.C.; Safe Chain Solutions, L.L.C.; Hutcheson Homecare Pharmacy, Incorporated,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:24-CV-80

———————————————————————

Before Haynes, Ho, and Oldham, *Circuit Judges*.

James C. Ho, *Circuit Judge*:[*]

---

[*] Judge Haynes concurs in the judgment only.

No. 24-60480

Plaintiffs sued eleven named Defendants for their alleged scheme to breach employment agreements, misappropriate funds, embezzle, and defraud. Defendants removed to federal court. The district court construed a provision in three of the Defendants' contracts to waive removal, and thus remanded the case back to state court. But we reverse because the contract provisions are not a clear and unequivocal waiver of the Defendants' removal rights.

**I.**

The underlying facts of Plaintiffs' case are not before us. Plaintiffs filed their lawsuit in the Circuit Court of Harrison County, Mississippi. Defendants removed on diversity grounds to the Southern Division of the United States District Court for the Southern District of Mississippi—also in Harrison County. Plaintiffs moved to remand the case, citing the following provision in three Defendants' contracts:

> 11. **Remedies and Forum**.  This Agreement shall be interpreted, construed and governed according to the laws of the State of Mississippi, and venue shall only be proper in Harrison County, Mississippi. The parties consent to personal jurisdiction and venue solely within these forums and waive all possible objections thereto.

The district court found that the contracts permitted venue in any state or federal court in Harrison County, but that the provision waived the Defendants' right to remove. So it remanded the case.

**II.**

"A remand based on waiver is not jurisdictional." *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 258 (5th Cir. 2025) (en banc). *See also Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). We review the interpretation of contractual waiver de novo.

2

*McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204 (5th Cir. 1991).   In this diversity dispute, Mississippi law governs the contract's interpretation.  *Dynamic CRM Recruiting Sols., L.L.C. v. UMA Educ., Inc.*, 31 F.4th 914, 918 (5th Cir. 2022).

The parties do not dispute the provision's enforceability.  And they agree that the clause does not explicitly waive removal or establish an exclusive forum—the suit could have been filed in either state or federal court.  So the issue is whether the Defendants waived their right to remove by giving the first-filing party the sole right to choose the court that would hear this action.  *See id.* at 917.

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."  *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (quoting *McDermott*, 944 F.2d at 1212).  Ambiguous language is not a clear and unequivocal waiver of removal rights.  *Id.*  A contract is ambiguous when it is subject to more than one reasonable interpretation. *Dalton v. Cellular S., Inc.*, 20 So. 3d 1227, 1232 (Miss. 2009).

The district court read the provision to give "first-mover advantage" to the filing party by waiving objections to personal jurisdiction and venue— thereby waiving removal.  We disagree.  A plain reading of the contract does not support this as a clear and unequivocal waiver of removal rights.

The term "venue" in the provision could reasonably refer to the geographic venue for the lawsuit.  The parties waived any objection to "venue"—Harrison County—"solely within these forums"—meaning state or federal court. *Compare Venue*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("The proper or a possible place for a lawsuit to proceed") *with Forum*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A court or other judicial body").

Moreover, litigation in a federal forum is specifically contemplated in the governing law provision of the contracts: "The parties . . . agree that any litigation . . . may be conducted in the state courts of Mississippi or the appropriate federal district court located in Mississippi."

In sum, we cannot say that any of the Defendants clearly and unequivocally waived their right to remove.

To hold otherwise, the district court relied on *Waters*. But there are two problems with that contention.

First, in *Waters*, the court reasoned that "successful removal by [the] defendant of th[e] case from [state court] to [federal court] would revoke [the] [P]laintiff's choice to have his case heard by a judge and jurors in and of [the specific county]," because there was no federal court in the county in which the Plaintiff chose to file suit. 252 F.3d at 798.

That's not true here. Successful removal in this case would not "deprive [the] plaintiff of the benefits and conveniences he apparently sees in bringing suit in [Harrison] County." *Id.*

Second, the *Waters* provision contained several clauses that suggested the plaintiff had negotiated with the defendant to receive a first-mover advantage. *Id.* The company defendant "irrevocably" (1) agreed that the plaintiff could "sue it in any court of Texas"; (2) "consented to the jurisdiction of any court in Texas to decide the case"; and (3) "waived any objection to venue in any court in Texas." *Id.* "Reading each of the three clauses together," it became "apparent" that the defendant's list of waivers was designed to give the plaintiff a "clear right to establish" where "his suit could be filed and heard." *Id.*

The same inference can't be drawn here. Both parties consented to venue and personal jurisdiction in federal and state court in Harrison County

No. 24-60480

and waived their "objections" to those forums. But consenting to jurisdiction and venue alone doesn't mean that the parties agreed to the first-filing party's "irrevocabl[e]" choice of forum. *Id.* Unlike *Waters*, the provision here does not contain the same series of waivers hinting that the suing party has the right to file in "any court" of their choice. *Id.* Without more, it isn't obvious that the list of "objections" the parties waived included the right to remove—especially when the governing law provision expressly contemplates that the parties might litigate in federal court. *See id.* (the "interplay of" provisions can dictate whether a forum selection clause "unequivocally" waives a party's right to remove).

We reverse.